**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PETER JAMES BRUSH,

      Petitioner - Appellant,

v.

HASKELL HIGGINS, Warden,

      Respondent - Appellee.

No. 07-6295

(W.D. Oklahoma)

(D.C. No. CIV-07-1196-HE)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Peter James Brush was convicted, following a jury trial, of driving under the influence after a former conviction, possession of a controlled dangerous substance after a former conviction, attempted escape from a lawful arrest, and

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of drug paraphernalia, for which he was sentenced to five years' imprisonment on the first count, fifteen years' imprisonment on the second count, thirty days on the third count, and one year on the fourth count, all to run consecutively. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Brush's convictions and sentences in August 2004, and Brush did not seek certiorari in the United States Supreme Court.

Brush filed a motion for post-conviction relief, which was denied in September 2005. He thereafter filed a number of motions, including several mandamus actions and further post-conviction applications, all of which were denied on procedural or jurisdictional grounds.

Proceeding *pro se*, Brush then filed this petition for federal habeas relief pursuant to 28 U.S.C. § 2254. He alleged that his trial and appellate counsel rendered ineffective assistance, that he is actually and factually innocent of the possession of a controlled and dangerous substance conviction, and that he was denied due process in connection with his state post-conviction proceedings.

The district court referred the matter to a magistrate judge, who determined that Brush's habeas petition was untimely under the limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). After further concluding that Brush could not establish any ground for statutory or equitable tolling of the limitations period, the magistrate judge recommended dismissal of the petition as untimely. The district court accepted the magistrate judge's

recommendations and dismissed Brush's petition as untimely. The district court also denied Brush's request for a certificate of appealability ("COA") to appeal the dismissal of his habeas petition.

We have carefully reviewed Brush's submissions, as well as the record. For substantially the reasons set forth in the magistrate judge's Report and Recommendation dated November 16, 2007, and the district court's Order dated December 5, 2007, we conclude that Brush has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), and we deny his request for a COA and dismiss this appeal.[1]

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]We further deny Brush's request to proceed *in forma pauperis* on appeal.